**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| HILTON FRANCHISE HOLDING LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. _____ |
| RS JOPLIN 36 LLC, | ) |
| Serve: The Corporation Trust Company | ) |
| Corporation Trust Center | ) |
| 1209 Orange Street | ) |
| Wilmington, DE 19801 | ) |
| *Defendant*. | ) |

## COMPLAINT

Plaintiff Hilton Franchise Holding LLC ("Hilton") files this Complaint against Defendant RS Joplin 36 LLC ("RS Joplin") and alleges as follows:

## INTRODUCTION

1. In 2016, Hilton and RS Joplin entered into a Franchise Agreement (the "Agreement"), which authorized RS Joplin to operate a hotel located at 3107 East 36th Street, in Joplin Missouri (the "Hotel"), using the Hampton Inn trademarks, brand name, and system, in exchange for certain monthly payments.

2. Beginning in January 2023, RS Joplin stopped making the monthly payments owed to Hilton under the Agreement.

3. After providing RS Joplin with an opportunity to cure, Hilton exercised its contractual right to terminate the parties' Agreement in July 2024.

4. Under the Agreement, the termination triggered numerous obligations on the part of RS Joplin, including payment obligations and obligations to ensure that RS Joplin was no longer using any of Hilton's intellectual or proprietary property or marks.

5. Despite these obligations, RS Joplin has not paid the liquidated damages owed as a result of the termination.

6. Critically, moreover, RS Joplin continues to use the Hampton Inn marks, brand, and system and has not taken the necessary steps to de-identify the Hotel.

7. Hilton brings this Complaint to recover the liquidated amounts owed and to enjoin RS Joplin to comply with its post-termination obligations under the Agreement.

## PARTIES

8. Hilton is a limited liability company whose sole member is Hilton Domestic Operating Company Inc. In turn, Hilton Domestic Operating Company Inc. is a Delaware corporation with its principal place of business in Virginia.

9. RS Joplin is a limited liability company whose sole member is Samtel Midwest DE, LLC ("Samtel"). In turn, Samtel is a limited liability company whose sole member is Sam Chang. Upon information and belief, Mr. Chang is a resident and citizen of New York.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the Lanham Act. This Court separately has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Hilton is a citizen of Delaware and Virginia, whereas RS Joplin is a citizen of New York. The amount in controversy exceeds $75,000.

11. The Court has personal jurisdiction over RS Joplin, and venue is proper in this Court, pursuant to the Agreement's mandatory forum selection clause:

The Parties agree that any action brought pursuant to this Agreement or the relationship between them must be brought in the U.S. District Court for the Eastern District of Virginia, in Alexandria, Virginia, or if that court lacks subject matter jurisdiction, then in a court of competent jurisdiction whose jurisdiction includes either Fairfax County, Virginia or New York, New York, or in the county and state where the Hotel is located. You consent to personal jurisdiction and venue in each of these jurisdictions and waive, and agree not to assert, move or otherwise claim that the venue in any of these jurisdictions is for any reason improper, inconvenient, prejudicial or otherwise inappropriate.

§ 17.2.2.

## BACKGROUND

12. Hilton is the owner or exclusive licensee of various Hampton Inn trademarks, including without limitation HAMPTON word mark (U.S. Reg. # 2482431), HAMPTON INN design mark (U.S. Reg. # 1343583), HAMPTON INN design mark (U.S. Reg. # 1305512), HAMPTON INN word mark (U.S. Reg. # 1343584), 1-800-HAMPTON word mark (U.S. Reg. # 2116479), HAMPTON INN & SUITES design mark (U.S. Reg. # 2994884), THAT'S 100% HAMPTON. word mark (U.S. Reg. # 2925988), 100% HAMPTON GUARANTEE SATISFACTION design mark (U.S. Reg. # 2940916), HAMPTON INN & SUITES word mark (U.S. Reg. # 2081514), HAMPTON INN AND SUITES design mark (U.S. Reg. # 1935900), HAMPTON INN & SUITES design mark (U.S. Reg. # 2079257), HAMPTON'S ON THE RUN word mark (U.S. Reg. # 3628761), CLEAN AND FRESH HAMPTON BED word mark (U.S. Reg. # 3884317), and HAMPTON BY HILTON design mark (U.S. Ser. # 98180773) (collectively the "Marks")

13. On October 18, 2016, Hilton and RS Joplin entered into the Agreement, which is attached to this Complaint as **Exhibit 1** and is fully incorporated herein.[1]

---

[1] Unless otherwise defined herein, all capitalized terms used in this Complaint shall have the same meaning ascribed to those terms in the Agreement

14. Under the Agreement, Hilton granted a limited, non-exclusive license to RS Joplin to use at least some of the Marks and the System during the Term at, and in connection with, the operation of the Hotel in Joplin, Missouri, in accordance with the terms of the Agreement.

15. Under the Agreement, RS Joplin agreed to make monthly payments based on a percentage of the Hotel's Gross Rooms Revenue for the preceding calendar month.

16. Between January 20, 2023, and November 30, 2023, RS Joplin failed to remit contractually obligated payments to Hilton in the amount of $350,542.91.

17. On January 3, 2024, Hilton sent RS Joplin a Notice of Default and Opportunity to Cure, pursuant to § 14.0 of the Agreement, in which Hilton provided RS Joplin an opportunity to cure the default by remitting the $350,542.91 it owed plus any accrued interest by April 8, 2024. A copy of the Notice of Default and Opportunity to cure is attached to the Complaint as **Exhibit 2** and is fully incorporated herein.

18. RS Joplin did not cure its default by April 8, 2024.

19. On June 19, 2024, Hilton sent a Notice of Termination pursuant to § 14.0 of the Agreement. The Notice of Termination stated that the Agreement would be terminated effective July 18, 2024. A copy of Hilton's Notice of Termination is attached to the Complaint as **Exhibit 3** and is fully incorporated herein.

20. RS Joplin has never disputed Hilton's right to terminate under § 14.0 of the Agreement.

21. Hilton's Notice of Termination triggered several obligations on the part of RS Joplin, including but not limited to the following:

    a. The payment of liquidated damages, in accordance with § 14.4.1.4 of the Agreement (the "Liquidated Damages Obligation");

    b. The immediate cessation of certain activities, in accordance with §§14.6.2–4 of the Agreement (the "Cessation Obligation");

    c. The immediate return of certain items, in accordance with § 14.6.5 of the Agreement (the "Return Obligation");

    d. The immediate cancellation of certain items, in accordance with § 14.6.6 of the Agreement (the "Cancellation Obligation"); and

    e. The irrevocable assignment and transfer of certain items, in accordance with § 14.6.7 (the "Assignment and Transfer Obligation") (collectively, the "Post-Termination Obligations").

22. Following the Notice of Termination, Hilton sent RS Joplin a demand for payment and to cease and desist, dated October 2, 2024. This demand is attached to the Complaint as **Exhibit 4** and is fully incorporated herein.

23. Although RS Joplin subsequently paid the past due fees, it has failed to pay liquidated damages in the amount of $675,326.23.

24. Additionally, RS Joplin has failed to de-identify the Hotel by, for example, ceasing its use of Hilton's Marks.

25. By contrast, Hilton has satisfied all of its obligations under the Agreement, including any conditions precedent to litigation.

26. As of July 18, 2024, when Hilton terminated the Agreement, RS Joplin no longer had any rights to continued use of the Marks.

27. RS Joplin has continued to use the Marks without authorization.

28. RS Joplin's use of the Marks is confusing the public into believing that RS Joplin and the Hotel are affiliated with, sponsored by, or otherwise associated with Hilton and the Hilton Marks.

29. RS Joplin's use of the Marks has already confused the public and is likely to continue to confuse the public.

30. RS Joplin's actions are willful and done with full knowledge of Hilton's rights.

31. RS Joplin and its Hotel are using the Marks in direct competition with Hilton.

## COUNT I: BREACH OF CONTRACT
### Liquidated Damages Obligation

32. Hilton incorporates all preceding allegations as if fully set forth herein.

33. The Agreement is a legally enforceable contract between Hilton and RS Joplin. *See also* Agreement § 17.1.3.

34. Hilton has performed all of its obligations under the Agreement.

35. On July 18, 2024, Hilton validly terminated the Agreement based on RS Joplin's defaults under Agreement § 14.1.1.

36. Hilton's valid termination of the Agreement triggered RS Joplin's obligation to pay liquidated damages in accordance with Agreement §§ 14.4.1 and 14.4.1.4.

37. RS Joplin breached the Agreement by failing to pay liquidated damages in accordance with Agreement §§ 14.4.1 and 14.4.1.4.

38. Under Agreement § 14.4.1.4, the liquidated damages are calculated by "dividing the sum of the Monthly Royalty Fees due to us under this Agreement for the prior twenty-four (24) month period by twenty-four (24) and then multiplying the resulting sum by sixty (60)."

39. This calculation, which results in liquidated damages of $675,326.23, is shown on the worksheet attached to the Complaint as **Exhibit 5** and fully incorporated herein.

40. As a direct and proximate result of RS Joplin's breach, Hilton has suffered damages in an amount no less than $675,326.23, plus interest.

**COUNT II: BREACH OF CONTRACT**
**Cessation Obligation**

41. Hilton incorporates all preceding allegations as if fully set forth herein.

42. The Agreement is a legally enforceable contract between Hilton and RS Joplin. *See also* Agreement § 17.1.3.

43. Hilton has performed all of its obligations under the Agreement.

44. RS Joplin breached the Agreement by failing to perform its Cessation Obligation in accordance with Agreement §§ 14.6.2–4.

45. As a direct and proximate result of RS Joplin's breach, Hilton has suffered irreparable harm (*see* Agreement § 9.6.1) that cannot be accurately quantified in monetary damages, including but not limited to the following:

    a. RS Joplin's unauthorized operation of the Hotel as a System Hotel;

    b. RS Joplin's unauthorized use of the System;

    c. RS Joplin's unauthorized use of the Marks, the Trade Name, and any confusingly similar names, marks, trade dress systems, insignia, symbols, or other rights, procedures, and methods;

    d. RS Joplin's unauthorized possession and/or use of goods and materials containing the Marks; and

e.  RS Joplin's unauthorized representation of itself as an existing or former System Hotel or as affiliated with the Brand or Network.

46. Consequently, Hilton is entitled to injunctive relief and/or specific performance under common law and under Agreement § 9.6.2.

## COUNT III: BREACH OF CONTRACT
### Return Obligation

47. Hilton incorporates all preceding allegations as if fully set forth herein.

48. The Agreement is a legally enforceable contract between Hilton and RS Joplin. *See also* Agreement § 17.1.3.

49. Hilton has performed all of its obligations under the Agreement.

50. RS Joplin breached the Agreement by failing to perform its Return Obligation in accordance with Agreement § 14.6.5.

51. As a direct and proximate result of RS Joplin's breach, Hilton has suffered irreparable harm (*see* Agreement § 9.6.1) that cannot be accurately quantified in monetary damages, including but not limited to RS Joplin's unauthorized possession and/or use of the Manual and other Proprietary Information.

52. Consequently, Hilton is entitled to injunctive relief and/or specific performance under common law and under Agreement § 9.6.2.

## COUNT IV: BREACH OF CONTRACT
### Cancellation Obligation

53. Hilton incorporates all preceding allegations as if fully set forth herein.

54. The Agreement is a legally enforceable contract between Hilton and RS Joplin. *See also* Agreement § 17.1.3.

55. Hilton has performed all of its obligations under the Agreement.

56. RS Joplin breached the Agreement by failing to perform its Cancellation Obligation in accordance with Agreement § 14.6.6.

57. As a direct and proximate result of RS Joplin's breach, Hilton has suffered irreparable harm (*see* Agreement § 9.6.1) that cannot be accurately quantified in monetary damages, including but not limited to the following:

    a. RS Joplin's unauthorized possession and/or use of assumed names or equivalent registrations relating to its use of any Mark;

    b. RS Joplin's failure to notify the telephone company and all listing services and directory publishers including Internet domain name granting authorities, Internet service providers, global distribution systems, and web search engines of the termination or expiration of RS Joplin's right to use the Marks, the Trade Name, and any telephone number, any classified or other telephone directory listings, Internet domain names, uniform resources locators, website names, electronic mail addresses and search engine metatags and keywords associated with the Hotel; and

    c. RS Joplin's failure to authorize the transfer of the aforementioned items to Hilton.

58. Consequently, Hilton is entitled to injunctive relief and/or specific performance under common law and under Agreement § 9.6.2.

## COUNT V: BREACH OF CONTRACT
### Assignment and Transfer Obligation

59. Hilton incorporates all preceding allegations as if fully set forth herein.

60. The Agreement is a legally enforceable contract between Hilton and RS Joplin. *See also* Agreement § 17.1.3.

61. Hilton has performed all of its obligations under the Agreement.

62. RS Joplin breached the Agreement by failing to perform its Assignment and Transfer Obligation in accordance with Agreement § 14.6.7.

63. As a direct and proximate result of RS Joplin's breach, Hilton has suffered irreparable harm (*see* Agreement § 9.6.1) that cannot be accurately quantified in monetary damages, including but not limited to the following:

   a. RS Joplin's unauthorized possession and/or use of any domain name listings and registrations that contain any reference to Hilton's Marks, System, Network, or Brand;

   b. RS Joplin's failure to notify the applicable domain name registrars of the termination of RS Joplin's right to use any domain name or Sites associated with the Marks or the Brand; and

   c. RS Joplin's unauthorized possession and/or use of the domain name and references to the Marks, System, Network or Brand from any Sites owned, maintained, or operated by RS Joplin.

64. Consequently, Hilton is entitled to injunctive relief and/or specific performance under common law and under Agreement § 9.6.2.

**COUNT VI: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AND COMMON LAW**

65. Hilton incorporates all preceding allegations as if fully set forth herein.

66. RS Joplin is using the Marks, including reproductions, counterfeits, copies, or colorable imitations of the registered Marks, in commerce and in connection with the sale, offering for sale, distribution, and/or advertising of goods and services that do not originate with,

and are not sponsored by or affiliated with Hilton and its partners, parents, subsidiaries, and/or affiliates.

67. RS Joplin's actions are likely to cause confusion, mistake, or deception as to the source of origin of the goods and services offered by RS Joplin in connection with the infringing marks, in that customers and potential customers are likely to believe that the goods and services offered by RS Joplin in connection with a reproduction, counterfeit, copy, or colorable imitation of the Marks are provided by, sponsored by, approved by, licensed by, affiliated, or associated with or in some other way legitimately connected to Hilton and its partners, parents, subsidiaries, and/or affiliates.

68. The likely confusion, mistake, or deception caused by RS Joplin is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

69. RS Joplin's actions were willful.

70. Hilton is entitled to injunctive relief, its damages, including the profits of RS Joplin, enhanced damages, and the cost of the action, including attorneys' fees.

71. RS Joplin's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Hilton if not enjoined.

**COUNT VII: FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT AND COMMON LAW**

72. Hilton incorporates all preceding allegations as if fully set forth herein.

73. RS Joplin's actions and use of the infringing marks constitute use of terms, names, symbols, and devices, and use of false designations of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the goods and services provided by RS Joplin, in that customers and potential customers are likely to believe that such goods and

services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Hilton and its partners, parents, subsidiaries, and/or affiliates.

74. The likely confusion, mistake, or deception caused by RS Joplin is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. RS Joplin's actions were willful.

76. Hilton is entitled to injunctive relief, its damages, including the profits of RS Joplin, enhanced damages, and the cost of the action, including attorneys' fees.

77. RS Joplin's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Hilton if not enjoined.

**WHEREFORE**, Hilton asks the Court to award a judgment in favor of Hilton and against RS Joplin, and that such judgment include the following relief:

a. An award of liquidated damages in an amount to be proved at trial, but no less than $675,326.23, plus interest as provided in Agreement § 17.15;

b. A preliminary and permanent injunction and/or specific performance prohibiting RS Joplin from:

   i. Operating the Hotel as a System Hotel and using the System;

   ii. Using the Marks, the Trade Name, and any confusingly similar names, marks, trade dress systems, insignia, symbols, or other rights, procedures, and methods; and

   iii. Representing itself as then or formerly a System Hotel or affiliated with the Brand or the Network;

c. A preliminary and permanent injunction and/or specific performance ordering RS Joplin to:

   i. Deliver all goods and materials containing the Marks to Hilton, and remove all use of the Marks by RS Joplin from any website, app, and social media sites it controls or are controlled on its behalf;

   ii. Return all copies of the Manual and any other Proprietary Information to Hilton;

   iii. Cancel all assumed name or equivalent registrations relating to RS Joplin's use of any Mark, notify the telephone company and all listing agencies and directory publishers including Internet domain name granting authorities, Internet service providers, global distribution systems, and web search engines of the termination or expiration of RS Joplin's right to use the Marks, the Trade Name, and any telephone number, any classified or other telephone directory listings, Internet domain names, uniform resource locators, website names, electronic mail addresses and search engine metatags and keywords associated with the Hotel, and authorize their transfer to Hilton; and

   iv. Irrevocably assign and transfer to Hilton (or to Hilton's designee) all of RS Joplin's right, title, and interest in any domain name listings and registrations that contain any reference to Hilton's Marks, System, Network, or Brand; notify the applicable domain name registrars of the termination of RS Joplin's right to use any domain name or Sites associated with the Marks or the Brand; authorize and instruct the cancellation of the

      domain name, or transfer of the domain name to Hilton (or Hilton's designee); and delete all references to Hilton's Marks, System, Network or Brand from any Sites RS Joplin owns, maintains or operates beyond the termination of the Franchise Agreement;

d. An award representing the damages to Hilton as well as all of RS Joplin's profits attributable to RS Joplin's infringement of the Marks and false designation of origin regarding the Marks under the Lanham Act;

e. An award of reasonable attorneys' fees and costs, pursuant to Agreement §§ 9.6.2, 14.6.1, and 17.14 as well as under the Lanham Act;

f. Enhanced or treble damages under the Lanham Act;

g. All other relief that the Court deems appropriate.

Dated: November 25, 2024

Respectfully submitted,
HILTON FRANCHISE HOLDING LLC
*By Counsel*

**/s/ Brooks H. Spears**
Brooks H. Spears (VSB No. 86391)
Zachary J. Poretz (VSB No. 99508)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com
zporetz@mcguirewoods.com